UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLEN BORNTRAGER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHIEF C. KENNETH ZISA, *et al.*,<br><br>Defendants. | Civil Action Number:<br>2:09-cv-03076<br>(CONSOLIDATED)<br><br>[Civil Action Number:<br>2:09-cv-06495]<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

## MEMORANDUM OPINION

### I. INTRODUCTION

On December 23, 2009, Plaintiffs, Officers Allen Borntrager, Frank Cavallo, Vincent Riotto, Scott Sybel, and Rocco Duardo of the Hackensack Police Department ("HPD") filed a federal civil rights action against Defendants HPD Chief of Police, C. Kenneth Zisa, Officer Danilo Garcia, Officer Thomas Salcedo, Officer James Smith, and the City of Hackensack, alleging that the Defendants violated Plaintiffs' First Amendment rights. On August 9, 2010, Plaintiffs filed a two-count Amended Complaint ("Complaint").[1] Defendant Danilo Garcia filed a motion to dismiss. For the reasons elaborated below, Garcia's motion will be **GRANTED** in part, and **DENIED** in part.

### II. FACTUAL BACKGROUND ALLEGED IN THE COMPLAINT

The gravamen of the Complaint is that the Hackensack Chief of Police, Defendant Zisa, engaged in a pattern of extortion, against other HPD officers, i.e., Plaintiffs, seeking, among other things, political donations to further Zisa's political career and the political career of those allied with Zisa, including candidates for office within the Policemen's Benevolent Association ("PBA") of Hackensack and certain candidates for public office. It is further alleged that those who were not allied with Zisa, including those officers who refused to donate to Zisa and his allies' political campaigns, were subject to retaliation

---

[1] The amended complaint appears in the docket of the consolidated action (Civil Action Number 2:09-cv-03076) at docket number 108.

and threats of retaliation in violation of Plaintiffs' First Amendment free speech and freedom of association rights.

More specifically, with respect to Defendant Garcia, the Complaint alleges he instituted administrative and departmental disciplinary charges against Plaintiff Borntrager for pretextual reasons at the direction of Zisa. Furthermore, the Complaint alleges that Captain Salcedo, of internal affairs, ordered Plaintiffs Riotto and Sybel to attend an interview, ordered them to list what drugs they were currently taking, and ordered them to take a drug test. Garcia was present at that interview, and he "googled" the purposes and uses of the drugs that Plaintiffs listed at Salcedo's direction. Finally, Plaintiffs allege that the order to take the drug test came from Zisa, and the test itself was in violation of HIPAA[2] and the state Attorney General's Drug Testing guidelines.[3]

Count I is brought by all Plaintiffs against all Defendants. It asserts First Amendment freedom of speech and freedom of association claims under 42 U.S.C. § 1983. Count II is brought by all Plaintiffs against the City of Hackensack. It also asserts First Amendment claims under 42 U.S.C. § 1983.

### III. STANDARD OF REVIEW

The Defendant's motions to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

---

[2] Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936.

[3] *See, e.g*., In re *Gen. Disciplinary Hearing of Carberry*, 114 N.J. 574, 582 (1989) (noting that "the Attorney General established uniform state-wide drug-testing guidelines to 'maintain the drug-free law enforcement community and at the same time safeguard the rights of individual police officers'" (quoting Attorney General, *Law Enforcement Drug Screening Guidelines, Memorandum*, Oct. 22, 1986, at 1)).

## IV.   ANALYSIS

Garcia's motion to dismiss puts forward a variety of defenses. This opinion addresses each in turn.

*1.   Do the Allegations in the Complaint Sufficiently Allege that Garcia Personally Deprived the Plaintiffs of a Federal Right?* As a general matter, there is no vicarious liability under Section 1983. Rather, a Defendant must have personally participated in the alleged wrong, i.e., the alleged deprivation of a protected federal right. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Garcia asserts that the allegations in the Complaint do not connect him to the constitutional torts purportedly committed by Zisa and Salcedo. Plaintiffs concede that Cavallo and Duardo have no claim against Garcia. As to Plaintiffs Borntrager, Riotto, and Sybel, the parties dispute the sufficiency of the allegations in the Complaint to state a claim against Garcia under Section 1983.

     A.   Borntrager's Claim.

Paragraphs 53 to 56 allege that Defendants have retaliated against Borntrager because of his association and keeping company with Plaintiffs in the *Aeillos*[4] and *Ferraioli*[5] lawsuits (also brought against Chief Zisa and other defendants), and because Borntrager has been unwilling to donate to Zisa and Zisa's allies' political campaigns. Such acts of retaliation were at the direction of Zisa. Furthermore, Captain Garcia instituted administrative and departmental disciplinary charges against Borntrager based on trumped up charges at Zisa's direction.

The (alleged) fact that Garcia acted at Zisa's direction does not mean that Garcia is exempt from liability. Likewise, the (alleged) fact that Zisa directed Garcia to file these charges leaves open the possibility that Garcia also acted with a retaliatory purpose. These allegations are sufficient under *Rode*, 845 F.2d at 1207.

     B.   Sybel and Riotto's Claims.

Sybel and Riotto allege that Captain Salcedo, of internal affairs, ordered them to attend an interview. At that interview they were ordered to disclose what drugs they were currently taking and to submit to a drug test. Salcedo was directed by Zisa to carry out the drug test in order to retaliate against these Plaintiffs for the allegations they made in the *Aeillos* matter. At Paragraphs 131, 135, 148, and 153, Plaintiffs allege that Garcia was in the room when Salcedo ordered them to take the drug test, and that when Plaintiffs listed what drugs they were taking, Garcia "googled" the list of drugs to find out their purposes and uses. If the drug test and the demand for a list of what drugs the officers were taking

---

[4] *Aeillos v. Zisa*, Civ. A. No. 2:09-cv-03076 (filed June 24, 2009).

[5] *Ferraioli v. Zisa*, Civ. A. No. 2:09-cv-02663 (filed June 2, 2009). *Ferraioli* and other Zisa-related actions were consolidated for discovery purposes into *Aeillos, supra*.

was ordered in order to retaliate against these Plaintiffs for participating in protected First Amendment activity, then Garcia would appear to be a participant in that wrongdoing. The fact that, in the first instance, the decision to order the tests rested with Chief Zisa, does not excuse Garcia. He also may have acted – that is, "googling" the listed drugs – with a retaliatory motive.

*2.   Must Plaintiff Suffer An Adverse Employment Action to Bring a Section 1983 Claim?* To bring a Section 1983 claim, a plaintiff must allege, and later prove at trial, that "(1) the plaintiff's conduct was protected by the First Amendment because it addressed a matter of public concern, (2) the plaintiff was retaliated against, and (3) the protected conduct was a substantial or motivating factor in the alleged retaliation." *Myers v. County of Somerset*, 515 F. Supp. 2d 492, 500 (D.N.J. 2007). Defendant Garcia argues that the act of retaliation must be employment related, i.e., a discharge, suspension, demotion, or other action that affects the terms or conditions of employment. However, the case law cited by Garcia uniformly relates to Title VII[6] and to causes of action asserted under CEPA,[7] not to Section 1983 claims.

It would appear that if Garcia worked in concert with Salcedo in ordering Sybel and Riotto to take the drug test in order to retaliate against them for engaging in protected First Amendment activity (even if initially the drug test was ordered at the direction at Zisa), then Plaintiffs have stated a claim under Section 1983 against Garcia. Alternatively, the Court notes that Salcedo's (and allegedly Garcia's) requiring Riotto and Sybel to take a drug test amounts to an adverse change to the conditions of employment. *See, e.g., Seebald v. Praxair, Inc*., 2004 WL 350912, at *12 (E.D. Pa. Jan. 21, 2004). If the drug test was ordered in order to retaliate against Plaintiffs, then, again, that would establish a Section 1983 claim, even if a Section 1983 claim requires an adverse employment action as an act of retaliation.

*3.   The Alleged Violations of HIPAA and the Attorney General's Guidelines for Drug Testing.* A well-pled Section 1983 claim requires an allegation of some underlying tort, an invasion of a federally protected right. Defendant Garcia argues that the alleged violations of HIPAA and the state Attorney General's Guidelines for drug testing are not federal torts upon which a Section 1983 claim can be founded. The Court agrees.[8]

---

[6] Moreover, it appears that the Title VII case law cited by Defendant is no longer good law. The Supreme Court has held in the Title VII context that acts of retaliation which are *not* employment related are actionable. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

[7] New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 to 19-8; N.J.S.A. 34:19-2(e) ("'Retaliatory action' means the discharge, suspension or demotion of an employee, or other adverse employment action taken against an employee in the terms and conditions of employment.").

[8] The Court has no occasion to reach the question of whether a tortious violation of

However, these allegations remain relevant to this action. Plaintiffs have argued that ordering these drug tests for retaliatory purposes constitutes a Section 1983 First Amendment claim. The (alleged) fact that these tests may *also* have been conducted in violation of other state or federal law might show a pattern of lawless conduct in regard to these events, from which a reasonable juror might conclude (in conjunction with other evidence) that Garcia knew that Salcedo's demand for information in regard to what drugs Plaintiffs were using was motivated by retaliatory animus, and from which a jury might also conclude that Garcia shared that purpose. The chain of (alleged) facts connecting Garcia (and his "googling" the list of drugs) to the alleged wrong is tenuous – but the jury will decide that on the basis of the evidence admitted at trial.

## V.     CONCLUSION

For the reasons elaborated above, Garcia's motion to dismiss is **GRANTED** in part, and **DENIED** in part.

Specifically, Plaintiffs Cavallo and Duardo's claim in Count I against Garcia is **DISMISSED**. All other relief is **DENIED**. An appropriate order follows.


|  |  |
|---|---|
|  | s/ William J. Martini     |
| **DATE: March 29, 2011** | **William J. Martini, U.S.D.J.** |

---

HIPAA can be vindicated under Section 1983. The Court merely notes that Count I and Count II seek vindication of First Amendment rights under Section 1983.